.Philip Nathan *vs*. Henry Lewis.

In Special Term—January 1855.

SPENCER, J. presiding.

## PHILIP NATHAN *vs*. HENRY LEWIS.

Where a petition refers to an *exhibit* thereto attached, not as *part* of the *petition*, but as *evidence* of the contract in the petition set forth, the exhibit cannot be regarded upon a demurrer to the petition, for insufficiency of facts.

Where the right to maintain an action depends upon the performance of conditions precedent, a general allegation of performance will be sufficient, under Section 121 of the Code.

The defendant may, under the same section, controvert the performance by answer in terms equally general.

Where a contract required the plaintiff to deliver pork in Brooklyn, or New York, at one of five given places, and " the said pork to be delivered, at any *time* during the month of August next ensuing, at his option, giving me five days' notice," the notice refers to the time, and not the place of delivery. Reasonable notice of the place is all defendant could require; and what such notice is, depends on the circumstances of each case.

In such case, where the five days' notice, as to the time of delivery, was given, but the place indicated in the notice, though in New York, was not one of *the five* specified in the contract, yet, as it was not *wholly* different, and not calculated to *mislead* the defendant as to the identity of the contract to be performed, the place specified in the notice may be regarded as surplusage.

Where a contract is susceptible of two *natural* constructions, a demurrer *admits* that construction most *favorable to the pleader*, and which goes to *sustain* his pleading. If the defendant desires to maintain a construction favorable to himself, he must do so by *answer*.

## Demurrer to petition.

The petition contains a statement of two causes of action, founded upon two contracts, substantially alike. For the first cause of action, the petition sets forth, that on the 27th of March 1854, the plaintiff sold the defendant 2000 bbls mess pork, New York or Brooklyn inspection, to be delivered at New York or Brooklyn, in all the month of August next ensuing, at $14.75 pr bbl. in cash, on delivery, the plaintiff giving the defendant five days' notice of the time of delivery, " as witnessed by the written agreement of the defendant, a copy of which, marked 'Exhibit A.,' is attached to petition." That on the 26th day of

July 1854, the plaintiff notified the defendant, that said pork would be held and ready to deliver to his order, at the agents' of the plaintiffs, Messrs. Edward Flash & Co., 134 Pearl Street, in the city of New York, on the 3d day of August ensuing, and requested the defendant to attend to the receipt of the same, and pay cash as per agreement. That plaintiff was *ready and willing* to have delivered at New York said 2000 bbls of pork, New York or Brooklyn inspection, in the time mentioned in the contract. And on the 3d day of August made diligent search for defendant in New York, for the purpose of making tender of said pork, but could not find him; and that plaintiff was *ready and willing* on said 3d day of August to have delivered said pork "according to said terms of said bargain and sale, and hath ever since," &c. Breach, non-performance by defendant.

"Exhibit No. 1," dated at Cincinnati, March 1854, is as follows: "For value received, I have this day bought, &c., and hereby agree to receive from Philip Nathan, 2000 bbls mess pork, New York or Brooklyn inspection, in either Thompson, Cadwell, Getz, Lewis, or Seguin's yard, and to pay for same at the rate of $14.75 per bbl.; the said pork to be delivered at any time during the month of August next coming, at his option, giving me 5 days' notice, and to be paid for in cash, on delivery, at New York, or Brooklyn.

(Signed,)       HENRY LEWIS."

The ground of demurrer was, "that petition does not set forth sufficient facts to constitute a cause of action." SPENCER, J.

The specific objections to the petition are: 1. That it does not show a *readiness and willingness* to perform, on

the part of the plaintiff, according to the terms of the contract, set forth in the *exhibit.* 2. That it does not aver that the plaintiff gave notice to the defendant of the *place* of delivery of the pork.

Without undertaking to decide, what would be the effect of an express reference in a petition to an exhibit as *part* thereof, it is apparent in the present case, that the contract set forth in the exhibit annexed to the petition, is not referred to as part and parcel of the petition itself, but simply as *evidence* thereof. In considering the demurrer, therefore, regard should be had to the contract, as set forth in the petition alone.

By referring to the petition, it becomes manifest at once, that both of the foregoing objections fail. And it has not been, nor would it be pretended, that they had any foundation in fact. But assuming for the sake of the case, that the contract set forth in the exhibit, should be regarded as though it was set forth in the *body* of the petition, and the objections are equally ill founded.

1. The first objection regards the contract in *two* aspects; one as it is viewed by the plaintiff; and the other as it is viewed by the defendant. The defendant contends, that by the just construction of the contract, the pork was to be delivered by the plaintiff at either one of five places, viz.: Thompson's, Cadwell's, Getz', Lewis', or Seguin's yards; whilst the plaintiff claims, that the contract was not for the *delivery* of the pork at either of these places, but for its *inspection* at some one of them. It cannot be denied, that the contract is susceptible of both constructions. But taking it *either* way, the defendant insists, that the plaintiff has not shown a readiness to comply with its terms on his part. Thus, if it be according to the plaintiff's

construction, he has not shown that the pork was *inspected* in either of the five places named, and so, it was not of the *quality* agreed for; if according to the defendant's construction, the plaintiff has not shown that the pork was ready to be *delivered* at either of these places. There is no doubt, that in either point of view, this objection would be *fatal*, in a declaration at *common law*. For, before the defendant can be put in *default*, the plaintiff must show himself both *ready* and willing in all things, as to *time, place,* and *circumstance*, to comply with the obligations of the contract on his part. But the same strictness in pleading is not required under the Code, as in declarations at *common law*. By Section 121 of the Code, it is provided, that "in pleading the performance of condi-"tions precedent in a contract, it shall be sufficient to "state, that the party duly performed all the conditions "on his part." Now, where there are *mutual* covenants, as in this case, on the part of the plaintiff to *deliver*, and on the part of the defendant to *buy*, the *delivery*, or *offer* to *deliver*, on the part of the plaintiff, is a condition which must be performed, before the plaintiff can require the defendant to pay. But it is enough, under the above provision of the Code, for the plaintiff to state in such case, in general terms, that he has performed all that he was required to perform, without showing the particulars. In the present case, the petition avers in general terms, that "the plaintiff was *ready and willing*, on said 3d day of August, to have delivered said pork *according to said terms of said bargain and sale*." This averment, which by the 114 Section of the Code, must be construed liberally in favor of the pleading, cannot be true, unless the plaintiff was *ready* and willing, not only to deliver the

*kind* and quality of pork, in regard to its *inspection* required by the contract, but at the place also required by the contract. If, in either of these respects, the plaintiff has failed in fact, then, under the Section of the Code first referred to, the defendant may by *answer* controvert, in terms equally general, the readiness and willingness of the plaintiff to perform, as alleged in his petition, and thus require him, on the trial, to establish the facts showing such readiness on his part.

2. As to the second objection, that five days previous notice was not given by the plaintiff to the defendant, of the *place* of delivery, it seems to me, that, conceding the defendant's construction of the contract to be the true one, the plaintiff was not bound to give five days previous notice of the *place* of delivery. The five days notice, specified in the contract, was evidently intended to refer to the *time* of delivery, not to the *place*. The plaintiff had *all* the month of August in which to make the delivery, and the defendant was entitled to five days previous notice of the *time* when delivery would be made, and he be required to make payment. The word *"time"* is the last, and indeed the *only* antecedent to the word *" notice,"* in that sentence of the contract where the latter word occurs. Thus, " the said pork to be delivered at " any *time* during the month of August next ensuing, at " his option, giving me five days' notice." It will be remembered, that this contract was dated at *Cincinnati*, where the parties were then supposed to be. The *delivery* of the pork was to be in New York or Brooklyn, places remote from Cincinnati, but contiguous to each other. The *time* of performance, therefore, was very material for the defendant to know ; and five days previous notice was a

reasonable provision to enable the defendant to make his appearance, at either New York or Brooklyn. But it was *not* so material as to which of the two he should appear in, or in what *place* in either. All that he could require would be a *reasonable notice* of the place of delivery, so as to enable him to be there, ready to receive, and to pay. And what would constitute *reasonable notice*, must depend upon the circumstances of the case. If the defendant had thought it material to require five days previous notice of the *place* as well as *time* of delivery, he would have required it by *express* language, and not left the matter to, at best, *uncertain construction.*

The petition however avers, that the plaintiff gave the defendant notice that he would be ready to deliver the pork, contracted for, at the store of Edward Flash in New York, a place different from either of the *five* named in the contract. And it is claimed, that although the plaintiff might not have been required to give the defendant five days' notice of the *place* of delivery, yet, that the *place* of delivery was part of the contract; and notice of a readiness to deliver at another place than one of those named in the contract, was notice of an intention to perform *not* the *same*, but a different contract; and therefore the defendant was not bound thereby. This objection might have been fatal, had the place of delivery been *wholly* different from the provisions of the contract. But such was not the case. By the terms of the contract, the delivery was to be in either *New York* or *Brooklyn.* So far as *time* was concerned, it was enough for the defendant to know five days before hand, that the contract was to be performed at *one* of these cities, but at what *place* therein, was immaterial. It would have been enough for

the plaintiff to have stated generally, that he would be ready at either New York or Brooklyn. The naming of a particular *place* in either city, was not calculated to mislead the defendant, as to the identity of the contract, and may therefore be regarded as surplusage. Had the defendant been in New York on the day named, the plaintiff would have had an opportunity of *naming* the place according to the contract. Failing to appear, the plaintiff had no such opportunity, and was not therefore in fault. But again,

It has already been suggested, that this contract is susceptible of *two* constructions, either of which is *natural*, and from the face of the contract, we cannot be certain which was intended by the parties; that may and probably will depend upon proof, hereafter to be furnished. For example, it may appear, that the pork packed in either of these five yards, was of a peculiar quality and mode of packing, somewhat different from that put up elsewhere, and so was of a *different*, and more valuable inspection. Or it may appear, that *all* of these yards were in *one* of the *two* cities, or perhaps not in either, and yet by the contract, delivery might be made in either New York or Brooklyn. In this view of the case, the defendant by demurring admits *that construction*, which is most favorable to the pleader, and which goes to *sustain* his pleading. If he wishes to enforce a construction favorable to himself, it should be done by *answer*, setting forth the construction insisted upon, and denying performance by the plaintiff, agreeably to such construction.

The demurrer will be overruled, and leave given to anwer.

JOLLIFFE and GITCHELL for plaintiff. WORTHINGTON and MATTHEWS for defendant.