[*Special Term, January*, 1872.]

## DOUGHERTY *v.* LONGMORE AND BYRNE.

Under sections 117 and 122 of the code, a petition founded on a judgment rendered in another State must state the court in which the judgment was recovered, the term at which it was rendered, the parties and the sum recovered, and annex a copy of the transcript sued on.

*I. J. Miller*, for plaintiff.

*J. G. & H. Douglas*, for defendants.

DEMURRER to the petition.

WALKER, J. This suit is brought upon a judgment of a West Virginia court.

The demurrer is general, for the reason that the petition does not state facts sufficient to constitute a cause of action.

The defect urged in the argument was that it did not state that the defendants were served in the West Virginia suit.

Under the old system of pleading, it was only necessary, in an action of debt on a judgment, to state the court in which the judgment was recovered, the term at which it was rendered, the parties, and the sum recovered. Chitty on Pleading, 370, 371.

In the case of *The Memphis Medical College* v. *Newton*, reported in 2 Handy, 163, the question as to the necessary averments, in an action under the code upon a judgment, came up before Judge Gholson, who, after enumerating the requirements, said (p. 166):

" It is my conclusion that a petition on the judgment of another State should contain the same substantial allegations as were required in a declaration in debt on such judgment, and that these should appear in the body of the petition, without any reference to the transcript of the record,

Dougherty v. Longmore & Byrne.

which is only to be used as evidence. *Waltam* v. *Lewis*, 1 Handy, 239. I can not see how less can be deemed sufficient, and it is clear that more ought neither to be required nor insisted."

The petition in this case contains all these averments. It appears to have been drawn from Nash's Pleadings, 165, and is substantially the same as Swan's form on page 390 of his Pleadings. It does not seem to me liable to the objections urged against it; but I do not find any transcript of the judgment annexed or filed with the papers.

Section 117 of the code requires that "if the action, counter claim, or set-off, be founded on an account, or on a note, bill, or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleadings. If not so attached and filed, the reason thereof must be shown in the pleadings."

In the case of *The Memphis Medical College* v. *Newton*, above cited, the transcript was referred to in, and made part of, the petition under section 122 of the code, and the court held this practice to be erroneous, but intimated that it should have been filed with the petition, in accordance with section 117. I have looked into the papers of the case, and find that the petition as amended contains a statement that the copy is not attached because it has heretofore been filed.

Swan, in his Pleading and Practice, 212, regards this as the proper course.

As the code requires this copy, or a statement of the reason for its absence, it seems to me a defect which can be taken advantage of on demurrer, and as the present petition contains neither, I think the demurrer should be sustained on this ground, and leave given to amend by annexing a copy of the transcript sued on.

Demurrer sustained and leave to amend.