Corn, J.
The plaintiff in. this action sues the defendant upon what is commonly known as an accident insurance policy upon the life of her husband, William L. Reed.
.1 will, call attention only to those parts of the petition which are necessary in order to determine the question submitted to me. It is charged in the petition that on the 26th day of September, 1904, in consideration of a certain premium and of certain warranties paid and made by the said William L. Reed, the defendant by its policy or contract of insurance contracted and agreed with the said William R, Reed to insure his life in *82 the sum of five thousand ($5,000) dollars for a period of twelve months in' case his death resulted, within ninety days, from bodily injuries sustained directly and solely through external, violent, and accidental means; and agreed to pay to the beneficiary named in said policy said sum in the event of the-death of the said William L. Reed during the period named resulting within ninety days from bodily injuries sustained directly and solely through external, violent, and accidental means. A copy of said policy or contract of insurance is attached to the petition marked "Exhibit A,” but it is not made a part of the petition.
It is further alleged that the policy has been kept in force by subsequent payments of premiums, and that on the 14th day óf September, 1908, and while this policy was in full force and effect, said William L. Reed sustained bodily injuries directly and solely through external, violent and accidental means, to-wit, the result of a fall from a ninth floor window of the Havlin Hotel'in the city of Cincinnati, Ohio, from which alone death resulted on said date.'
The petition otherwise follows the ordinary form of a petition upon insurance policy, alleging the performance of all the conditions of said policy by the insured and .the beneficiary, furnishing of proofs, etc., and demands judgment for the amount which the plaintiff claims is due her by the terms of said contract. The defendant files a demurrer to the petition of the plaintiff upon the ground that the same does not state facts sufficient to constitute a cause of action.
Upon the argument of this demurrer, counsel did not claim that the petition in and of itself was- bad upon demurrer, but the claim was made that, by an examination of the copy of the policy attached to the petition as an exhibit, it would be seen that the pleader had not conformed to the terms of the contract; that is to say, that the plaintiff had not- correctly stated her cause of action. Counsel on both- sides apparently abandoned the demurrer, and argued the question of the construction of a certain elause in the policy as if such clause was properly before the court for a judicial construction; and counsel on both sides are very anxious to have the court give a judicial construction of the clause of the policy in dispute. It is a question of *83 considerable importance to both sides inasmuch, as, it is claimed, the pleading will determine the burden of proof as to whether the injuries were brought about by certain so-called exceptions in the policy.
The clause of the policy in question is that the defendant “hereby insures the person described in the said warranties against the effects of bodily injimes sustained directly and solely through external, violent, and accidental means, which bodily injuries or effects thereof shall not be caused nor contributed to by, nor in consequence of, any bodily or mental disease, or infirmity, or altercation, or intoxication, or wanton exposure to injury, or suicide (sane or insane).”
Counsel for the defendant in argument upon this demurrer asks the court to look at the exhibit and construe this clause of the policy, and -then require the plaintiff to bring herself within the provision.of this clause, as understood by the defendant, by stating and afterwards proving that the injuries resulting in the death of William L. Reed were not caused nor contributed to by, nor in consequence of, any bodily or mental disease or infirmity, or altercation, or intoxication, or wanton exposure to injury, or suicide, sane or insane.
Counsel for plaintiff in argument also asks the court to examine this exhibit and find and declare that the plaintiff is not required either to prove or plead these matters, and maintains that if the defendant desire to rely upon any of them, that constitutes an affirmative defense which must be pleaded by the defendant, and that, therefore, the burden of proof to maintain this contention would rest upon the defendant. The plaintiff claims that she has correctly interpreted her contract of insurance and has properly averred thereon; the defendant contends that the contract of insurance under which plaintiff claims is entirely different from that upon whieh she relies, and as I have stated, counsel ask the court to determine which is the proper construction; that is to say, which party to this action has correctly interpreted the terms of this contract.
The court suggested to counsel at the time of argument that in his opinion the demurrer to the petition, upon the ground stated, did not raise the question sought to be determined; and *84 the court, after, a careful examination of the authorities, is still of that, opinion; and that to decide the question argued to the .court, .the action of the court would be outside of the record and wholly gratutitous; if this court were to be the trial court, he would comply with the request of counsel and give counsel his opinion as to the proper construction of this clause in the policy and the proper method of pleading, but the court, being of the opinion that the question sought to be determined properly arises in another way, feels that he ought not to embarrass the trial judge by a construction which might not meet the approval of such trial judge.
The conclusion which the court has reached seems to -be supported by the great weight of authority, and especially in Ohio, to some of which authorities the court will now refext
Phillips on Code Pleadings, Section 371:
“A copy when attached as an exhibit being intended for the information of the adverse party and not constituting a part of the pleading can not be looked to on demurrer. ’ ’
Section 5085, Revised Statutes (Old Code, Section 117) requires that when the action, counter-claim, or set-off is founded on an account or on a written instrument as evidence of indebtedness a copy thereof must be attached to and filed with the pleading. ;
And this section includes all instruments on which an action for pecuniary relief is founded or which includes a promise whether condition or unconditional, to pay a fixed sum, and includes an insurance policy when sued upon to recover a loss (Lauer v. Equitable L. A. Society, 8 N. P., 117).
But while it is required by the code to attach to and file with the pleading a copy of such instrument, still it is not good pleading to make it a part of such pleading (Crawford v. Satterfield, 27 O. S., 421, 425); and a copy attached to and’ filed with the pleading under the provisions of this section form no part of the pleading (Larimore v. Wells, Admr., 29 O. S., 13, 16).
As a consequence the exhibit will not be. looked to on demurrér to the pleading to aid its sufficiency. 1 Bates, 201, and authorities cited; 1 Kinkead (2d'Edition), Section 57, and authorities cited.
*85 Nathan v. Lewis, 1 Handy, 239 :
“Where a petition refers to an exhibit thereto attached, not as part of the petition, but as evidence of the contract in the petition set forth the exhibit can not be regarded, upon a demurrer to the petition, for insufficiency of facts.
“Where a contract is susceptible of two - natural constructions, a demurrer admits that construction ipost favorable to the pleader and which goes to sustain his pleading. If the defendant. desires to maintain a construction favorable to himself, he must do so by answer.”
In the case of Memphis Medical College v. Newton, 2 Handy, 163, the plaintiff declared upon a transcript of a judgment of a sister state and it was there held' that such transcript was not an instrument in writing under Section 122 of the code (R. S. 5086), but it might he such an instrument of writing as is authorized by Section 117 (R. S. 5085) to be filed with the petition as evidence, and the syllabus adds:
1 ‘ Section 117 of the code was intended as a substitute for oyer under the old practice, and perhaps as a requisition -on the plaintiff to give in advance those copies of written instruments, on which the action might be founded, which he might have been required to give under the former practice act.
“It was not the intention of Section 117 to allow copies of instruments therein mentioned' to be considered part of the pleading and to be incorporated as such in the final record.”
West & Co. v. Dodsworth, 1 Disney, 161:
‘ ‘ The facts necessary to constitute a cause of action should be stated in the body of the petition, and, except in the case of actions founded upon written instruments for the unconditional payment of money provided for in Section 122 of the code, should be concisely stated, without the necessity of a reference to an exhibit. In a'n action for the recovery of money upon an undertaking in error, where the bond is referred to in the petition as ‘filed herewith, marked A’ and it becomes necessary to look beyond the petition to the exhibit, in order to discover the character, amount, and condition -of the bond, the pleading is not sustainable by any provision of the code. ’ ’
See also Sargent v. Moore, 1 Disney, 99; Bowers v. Detroit, etc., Railroad Company, 4 C. C.—N. S., 481; Riley v. Yost, 1 L. L. R. A.—N. S., 777.
*86 I desire to call special attention to the ease of Lauer v. Equitable Life Assurance Society, decided by the Superior Court of Cincinnati, and reported in 8 N. P., 117; almost the same question, and precisely the same in theory, arises in that case as in the case at bar, but the questions were raised by a motion t.o make the petition more definite and certain. On page 118 the court say:
2. "The second claim of defendant is that the plaintiff be required to state in each petition, if. such be the fact, that the applications for the policies were made parts of the contracts of insurance. This motion must certainly be overruled. The pleader has his choice of statement; he must set out the material parts of the contract sued on correctly; but he may do this by a recital or copy of the very words of the contract, or by a statement of its substance and legal effect. In the first manner of statement the court judges of the meaning and effect of the instrument as pleaded; in the second manner of statement the pleader takes the risk as to the correctness of his interpretation of the contract, and lays himself open, when he comes to his proof, to a variance between his contract as alleged and as offered in the evidence. Whichever way he pleads the court in the first instance can not take judicial notice of what the contract really may be; that is an issuable fact, and is to be determined after an issue thereon has been properly made up.”
Speaking with reference to the general allegations of performance of all required conditions, the court on page 321 say:
"We must look to the contract, as he describes it, to ascertain .what the conditions, if any, are; if there are conditions described or to be implied then the averment as to conditions is to be restricted and confined to them. It is true that as a matter of fact there might be conditions annexed to the defendant’s promise "over and beyond what is set forth or necessarily implied in the petition; if such be the ease then the .plaintiff has not pleaded the contract truly and correctly, but the remedy therefor is not a motion of this kind which is in the nature of a special demurrer, and goes only to matter of form. The defect is one of substance and must be met by making an appropriate issue upon it. In the cases at bar the issue would be one of fact as it is very evident the parties differ as to what the true contract is.. The plaintiff has pleaded her version of the contract and as stated by her, she has, on the face of her petition, good causes of action. Defendant must meet plaintiff’s case by some appropriate plea.”
*87 And this language is peculiarly adapted to the case now before this court.
It hardly seems necessary to cite further authorities to sustain the position of the court, but we are not without an expression upon this question by our Supreme Court.
In the case of Olney v. Watts, 43 O. S., 507, the court say:
“If the decree was the result of an agreement of the parties, and simply confirmed by the court, and that appeared by the direct averments of the petition, we would not say that the court erred in sustaining the demurrer. But this nowhere appears by direct averment. If the exhibit could be looked to, as a part of the petition, perhaps it does appear, but the exhibit is no part of the pleading and does not help it out. We are, therefore, compelled to lay out of view what counsel on both.sides seem to concede in argument, that we should consider on. this demurrer; that is what appears in the exhibit attached to the petition, but not made a part of it. ’ ’
I can not close this opinion without calling attention especially to Section 57 of Kinkead’s Code Pleadings, because this author makes such a succinct and clear explanation of this question that it merits especial approval by the court, and to make this quotation from him:
“The rule may be safely stated that a copy of an instrument as evidence of indebtedness which is not for the unconditional payment of money only which may be attached to a petition under the provisions of Section 5085 can not be considered in any sense as part thereof, and that the allegation frequently adopted that a copy is hereto attached and made a part hereof does not make such an exhibit part of the petition and when so attached does not dispense with any of the allegations necessary to be made to constitute a cause of action. The sufficiency of a petition founded upon a written instrument falling under Section 5085 and not under 5086 must be determined by its face, and not by any accompanying exhibit, as it forms no part of the pleading and can not be considered in determining its sufficiency upon demurrer.”
There being no contention that the allegations of the petition, as pleaded, do not state a cause of action the demurrer must therefore be overruled.